FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TYLER EUGENE SMITH (1);<br>KIMBERLY RAIN DALTON (2);<br>GEORGE EDWARD DYKSTRA, JR.<br>(3); and DAVID WAYNE GILBERT<br>(4),<br><br>　　　　　　　　Defendants. | NO:  2:18-CR-133-RMP<br><br>ORDER GRANTING<br>GOVERNMENT'S MOTION FOR<br>PROTECTIVE ORDER |

BEFORE THE COURT is a motion by the United States for entry of a

protective order regulating disclosure of the discovery materials and the

confidential information contained therein, ECF No. 25, and an accompanying

motion to expedite hearing of the same, ECF No. 26.  The Court has reviewed the

motions, the record, relevant law, and is fully informed.

The United States initiated this case on August 7, 2018, in a thirteen-count

Indictment, ECF No. 1, that names four Defendants and alleges conspiracy to

commit bank fraud and bank fraud. Not all Defendants have yet made their initial appearances. *See* ECF No. 25 at 2. However, the United States indicates an intention to "initiate the discovery process for [Defendants] in a conscientious and efficient manner," ECF No. 25 at 4, which the Court presumes will involve providing discovery to Defendants on a rolling basis as each Defendant enters the case. The United States seeks to expedite hearing of the motion for protective order on the basis that the Government does not plan to issue discovery until the matter of the protective order has been resolved. ECF No. 25 at 4.

The United States represents that forthcoming discovery materials in this matter "contain confidential financial, and other sensitive personal information of real person or organizational victims, and confidential personal information of the Defendants." ECF No. 25 at 2.

The standard for entry of a protective order in a criminal matter, generally, is good cause. *See* Fed. R. Crim. P. 16(d)(1) (providing that a "court may, for good cause, deny restrict, or defer discovery or inspection, or grant other appropriate relief"). The Court finds that the potential injury from the dissemination of the sensitive information at issue, combined with the benefit from avoiding redaction of that information, constitutes good cause to enter the proposed protective order in an expedited fashion. However, any Defendant may move to modify the protective order at a later date. *See* Fed. R. Crim. P. 16(d).

1.    The United States' Motion to Expedite, **ECF No. 26**, and Motion for Protective Order Regulating Disclosure of Discovery, **ECF No. 25**, are **GRANTED**.

2.    In an effort to provide for the efficient transfer and review of discovery, the United States may disclose the discovery and sensitive information materials (hereinafter "discovery") to Bryan Whitaker, the attorney appointed to represent KIMBERLY RAIN DALTON (2), and counsel, either retained or appointed, of the remaining defendants upon their arrest and arraignment.

3.    Government personnel and counsel for TYLER EUGENE SMITH, (aka "Tyler Patrick Donaldson"), KIMBERLY RAIN DALTON, GEORGE EDWARD DYKSTRA, JR., and DAVID WAYNE GILBERT (aka David Wayne Gilbert, Jr."), shall not provide, or make available, the sensitive information in the discovery to any person except as specified in the Order or by approval from this court.  Counsel for TYLER EUGENE SMITH, (aka "Tyler Patrick Donaldson"), KIMBERLY RAIN DALTON, GEORGE EDWARD DYKSTRA, JR., and DAVID WAYNE GILBERT (aka David Wayne Gilbert, Jr."), and the Government shall restrict access to the discovery, and shall only disclose the sensitive information in the discovery to his or her client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of his or her client in this matter or that the

Government believes is necessary in the investigation and prosecution of this matter. No copies of discovery shall be left with his or her client.

4. Third parties contracted by the United States or counsel for TYLER EUGENE SMITH (aka "Tyler Patrick Donaldson"), KIMBERLY RAIN DALTON, GEORGE EDWARD DYKSTRA, JR., and DAVID WAYNE GILBERT (aka David Wayne Gilbert, Jr."), to provide expert analysis or testimony may possess and inspect the sensitive information in the discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of the Order.

5. Discovery in this matter will be available to defense counsel via access to a case file on USA File Exchange. If necessary to review discovery with their respective clients, defense counsel may download the discovery and duplicate only once. Discovery materials may not be left in the possession of TYLER EUGENE SMITH (aka "Tyler Patrick Donaldson"), KIMBERLY RAIN DALTON, GEORGE EDWARD DYKSTRA, JR., and DAVID WAYNE GILBERT (aka David Wayne Gilbert, Jr."). In order to provide discovery to a necessary third-party vendor, consultant, and/or anticipated fact or expert witness, counsel for TYLER EUGENE SMITH, (aka "Tyler Patrick Donaldson"), KIMBERLY RAIN DALTON, GEORGE EDWARD DYKSTRA, JR., and DAVID WAYNE GILBERT (aka David Wayne Gilbert, Jr."), may duplicate the

discovery only once. No other copies may be made by defense counsel or the defendants without prior approval from this Court.

6. All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including the Defendant, that obtains access to the discovery, is provided a copy of this Order. No other party that obtains access to or possession of the discovery containing sensitive information shall retain such access to or possession of the discovery containing sensitive information unless authorized by this Order, nor further disseminate such discovery except as authorized by this Order or the further Order of this court. Any other party that obtains access to, or possession of, the discovery shall promptly destroy or return the discovery once access to discovery is no longer necessary. For purposes of this Order, "other party" is any person other than appointed counsel for the United States or counsel for TYLER EUGENE SMITH, (aka "Tyler Patrick Donaldson"), KIMBERLY RAIN DALTON, GEORGE EDWARD DYKSTRA, JR., and DAVID WAYNE GILBERT (aka David Wayne Gilbert, Jr.").

7. All counsel of record, including counsel for the United States, shall keep a list of the identity of each person to whom the discovery containing sensitive information is disclosed and who was advised of the requirements of this Order. Neither counsel for TYLER EUGENE SMITH (aka "Tyler Patrick Donaldson"), KIMBERLY RAIN DALTON, GEORGE EDWARD DYKSTRA, JR., and DAVID WAYNE GILBERT (aka David Wayne Gilbert, Jr."), nor counsel

for the United States shall be required to disclose this list of persons unless ordered to do so by the court.

8.     Upon entry of a final order of the court in this matter and conclusion of any direct appeals, government personnel and counsel for TYLER EUGENE SMITH (aka "Tyler Patrick Donaldson"), KIMBERLY RAIN DALTON, GEORGE EDWARD DYKSTRA, JR., and DAVID WAYNE GILBERT (aka David Wayne Gilbert, Jr.") shall retrieve and destroy all copies of the discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

9.     Government personnel and counsel for TYLER EUGENE SMITH (aka "Tyler Patrick Donaldson"), KIMBERLY RAIN DALTON, GEORGE EDWARD DYKSTRA, JR., and DAVID WAYNE GILBERT (aka David Wayne Gilbert, Jr.") shall promptly report to the Court any known violations of this Order.

10.    Any party may seek the agreement of the opposing party that any discovery is not subject to this Protective Order because it fails to contain "sensitive information."  If the opposing party fails to agree that the discovery is not subject to this Protective Order, the party requesting exclusion from this Protective Order may move this Court for an order determining that the questioned discovery fails to contain "sensitive information" sufficient to be subject to this Protective Order.

1     **IT IS SO ORDERED**.   The District Court Clerk is hereby directed to enter

2 this Order and provide copies to counsel.

3     **DATED** August 20, 2018.

4

5                      *s/ Rosanna Malouf Peterson*
                    ROSANNA MALOUF PETERSON
                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21